IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WAYNE RESPER, #274-319<br>　　　Plaintiff | *<br>*　 |
| v. | CIVIL ACTION NO. PJM-09-2270 |
| | * |
| WARDEN ROWLEY,<br>　　　Defendant | *<br>****** |
| WAYNE RESPER, #274-319<br>　　　Plaintiff | *<br>* |
| v. | CIVIL ACTION NO. PJM-09-2295 |
| | * |
| JAMES V. PEGUESE,<br>　　　Defendant | *<br>****** |

**MEMORANDUM OPINION**

The Court is in receipt of Plaintiff's complaints, filed pursuant to 42 U.S.C. § 1983, wherein he states that on August 22, 2006, his cell was searched and personally property was improperly confiscated and destroyed. Paper Nos. 1.[1]  Plaintiff's request for in forma pauperis status shall be granted.

In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986).  The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[2]

---

[1]  Plaintiff's complaints received by the Court on the same date, are identical, save for the named Defendant. As such, the complaints shall be consolidated for review.

[2] Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act and through the Inmate Grievance Office.

*See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[3] Thus, the complaint presented here shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995).

Plaintiff is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal for failure to state a claim on which relief may be granted under §1915(e) or under F.R.Civ.P. 12(b)(6).

A separate Order follows.

                                                      /s/
                                      PETER J. MESSITTE
September 3, 2009                  UNITED STATES DISTRICT JUDGE

---

[3] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing Plaintiff's due process claim.